**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

CORNELIUS MAY, )
        Plaintiff, )
        )
vs. )
        ) Case No. 19-cv-01007-JWB-GEB
ROTTINGHAUS COMPANY, INC., )
        )
        Defendant. )
_____)

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Second Motion for a More Definite Statement and Memorandum in Support ("Motion") (**ECF No. 9**). After careful consideration of Defendant's Motion, Plaintiff's Response to Defendant's Motion for More Definite Statement (ECF No. 11), and Defendant's Reply (ECF No. 12), the Court **DENIES** Defendant's Motion.

**I.    Background[1]**

Plaintiff, a former Subway employee, originally filed his employment discrimination case against Defendant, the corporation through which Subway conducts business in Kansas, in state court on September 18, 2018.[2] On January 10, 2019, Defendant removed the action to federal court.[3] On January 17, 2019, Defendant moved for a more definite statement,[4] and Plaintiff, on February 7, 2019, filed a First Amended Complaint in

---

[1] Unless otherwise stated, this background information should not be construed as judicial findings or factual determinations.
[2] ECF No. 1-1 p. 3.
[3] ECF No. 1.
[4] ECF No. 7.

response.[5] Shortly thereafter, on February 21, 2019, Defendant, unsatisfied with Plaintiff's First Amended Complaint, filed a Second Motion for a More Definite Statement, which is at issue here.[6]

In his First Amended Complaint, Plaintiff states he began working for Defendant as a sandwich artist in 2011.[7] Plaintiff, who is African American, claims he was promoted to certified team lead in 2012, promoted to assistant manager in 2013, and had positive work performances throughout his employment with Defendant.[8]

In December of 2015, Defendant transferred Plaintiff to its Subway store at 3451 S. Meridian ("Meridian Store") to work as an assistant manager.[9] By late 2015, Plaintiff alleges it was generally known the Meridian Store manager was failing in her duties.[10] In late 2015 and/or early 2016, Plaintiff states the regional manager and district manager overseeing the Meridian Store assigned Plaintiff additional duties to aid in his training to become a store manager.[11] Plaintiff alleges these individuals revealed to him it would be necessary to have a new store manager ready if Defendant had to terminate the current store manager.[12] Thereafter, when Plaintiff began handling store manager tasks, the current store manager allegedly began to discriminate against and harass Plaintiff.[13] Plaintiff states the store manager repeatedly called him "boy," "nigger," "dog," "snake," "nig," "slave,"

---

[5] ECF No. 8.
[6] ECF No. 9.
[7] ECF No. 8, ¶ 3.
[8] *Id.* at ¶¶ 3, 4, 5, and 6.
[9] *Id.* at ¶ 7.
[10] *Id.* at ¶ 8.
[11] *Id.* at ¶ 9.
[12] *Id.*
[13] *Id.* at ¶ 10.

"negro," "homosexual," "pedophile," and "child molester," in front of him, his co-workers and customers.[14]

Plaintiff complained about the store manager's conduct to the district and regional managers on multiple occasions, but claims nothing was done to redress the situation until he filed a complaint with the Kansas Human Rights Commission ("KHRC").[15] Plaintiff alleges after he took this action, Defendant removed the store manager from the Meridian Store in October of 2016.[16] Plaintiff states he then applied for the store manager position, but was wrongfully denied the promotion.[17]

Plaintiff alleges when the new store manager took over, he also discriminated against and harassed Plaintiff. Plaintiff claims the new store manager referred to him as "that's the one who filed the complaint," and kept a copy of Plaintiff's KHRC charge under the cash register for all employees to see.[18] Plaintiff also states the new store manager scheduled Plaintiff to work busy shifts by himself as retribution for making the KHRC complaint.[19] Plaintiff states this affected him because he has asthma that flares up during stressful one-man shifts, which impaired his ability to breathe and work.[20] Plaintiff claims he requested to have ordinary staffing during one-man shifts, but was refused.[21] The new store manager also allegedly told Plaintiff's co-workers Defendant was looking for any

---

[14] *Id.* at ¶¶ 11 and 12.
[15] *Id.* at ¶ 13.
[16] *Id.*
[17] *Id.* at ¶ 14.
[18] *Id.* at ¶¶ 15, 16.
[19] *Id.* at ¶ 17.
[20] *Id.* at ¶¶ 18 and 19.
[21] *Id.* at ¶ 19.

reason it could to fire Plaintiff.[22] Then, on March 1, 2017, Plaintiff arrived at work and was told by one co-worker to turn in his keys and give two weeks' notice.[23] Another co-worker told Plaintiff he had been fired.[24] These messages were conveyed at the behest of the new store manager.[25] Plaintiff complied with the instructions, turned in his keys, and left.[26]

Based on the foregoing, Plaintiff alleges Defendant illegally discriminated against him, wrongfully denied him a promotion, retaliated against him for engaging in protected activities, failed to offer him a reasonable accommodation, and maintained a hostile work environment in violation of his rights under the Civil Rights Act of 1866, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the Kansas Act Against Discrimination.[27] Plaintiff claims he has been damaged by this conduct.[28] Finally, Plaintiff stated he exhausted all administrative remedies, and incorporated by reference two case summaries from the KHRC relating to the instant action.[29]

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so

---

[22] *Id.* at ¶ 20.
[23] *Id.* at ¶ 21.
[24] *Id.*
[25] *Id.*
[26] *Id.*
[27] *Id.* at ¶¶ 14, 22, 23 and 24. Codified as the Civil Rights Act of 1866, 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.; and Kansas Act Against Discrimination, K.S.A. 44-1001 et seq.
[28] *Id.* at ¶ 25.
[29] *Id.* at ¶¶ 27 and 29.

4

vague or ambiguous that the party cannot reasonably prepare a response."[30] The party moving for a more definite statement "must point out the defects complained of and the details desired."[31] Motions under this rule are proper "only in cases where the movant cannot reasonably be required to frame an answer or other responsive pleading to the pleading in question."[32] Requiring a more definite statement is also appropriate when addressing unintelligible or confusing pleadings.[33] However, a motion for a more definite statement should not be granted merely because the pleading lacks detail; rather, "the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission."[34]

Courts consider Rule 12(e) motions in conjunction with the "simplified pleading standard" of Rule 8(a).[35] Under Rule 8(a)(2), the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[36] The purpose of Rule 8(a)(2) is to provide opposing parties with "fair notice of what the . . . claim is and the grounds upon which it rests."[37]

---

[30] Fed. R. Civ. P. 12(e).
[31] *Id.*
[32] *Suede Grp., Inc. v. S Grp., LLC*, No. CIV.A. 12-2654-CM, 2013 WL 183752, at *1 (D. Kan. Jan. 17, 2013) (citing Fed. R. Civ. P. 12(e) advisory committee's note (1946 amend.)).
[33] *Id.* (internal citations omitted).
[34] *Creamer v. Ellis Cty. Sherriff Dept.*, No. 08-4126-JAR, 2009 WL 484491, at * 1 (D. Kan. Feb. 26, 2009) (citing *Householder v. The Cedars, Inc.*, No. 08-2463-KHV-GLR, 2008 WL 4974785, at *1 (D. Kan. Nov. 19, 2008) (internal citation omitted)).
[35] *Suede Grp., Inc.*, 2013 WL 183752, at *1.
[36] Fed. R. Civ. P. 8(a)(2).
[37] *Suede Grp., Inc.*, 2013 WL 183752, at *1 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957))).

When a complaint provides sufficient notice under Rule 8(a), the defendant should elicit additional detail through the discovery process.[38] Thus, courts generally disfavor motions for a more definite statement given the minimal pleading requirements and liberal discovery provisions of the Federal Rules of Civil Procedure.[39] Whether to grant a motion for a more definite statement is within the Court's sound discretion.[40]

## III. Discussion

### A. Basis for the Alleged Discrimination, Retaliation, and Wrongful Denial of Promotion Claims

Defendant argues it is entitled to a more definite statement regarding the protected characteristics Plaintiff alleges are the bases for his alleged discrimination, harassment, and retaliation claims under the Civil Rights Act of 1866 and Title VII of the Civil Rights Act of 1964, the allegations of conduct comprising each claim, and when the allegations occurred.[41] Similarly, Defendant argues Plaintiff should more specifically state the basis and time period for his wrongful denial of promotion claim. In response, Plaintiff states his allegations in the First Amendment Complaint are specific and susceptible to a denial, an admission, or a combination thereof. Plaintiff also argues Defendant's request for more information about his claims is appropriate for discovery, not through motion practice.

---

[38] *Suede Grp., Inc.*, 2013 WL 183752, at *2; *see also Ewing v. Andy Frain Sec. Co.*, No. 11-CV-02446-JAR-DJW, 2012 WL 162379, at *1 (D. Kan. Jan. 19, 2012) ("The discovery process should be used to learn additional details with respect to the claims.").
[39] *Mechler v. United States*, No. 12-1183-EFM-GLR, 2012 WL 5289627, at *1 (D. Kan. Oct. 23, 2012).
[40] *Suede Grp., Inc.*, 2013 WL 183752, at *2.
[41] Defendant does not request a more definite statement regarding Plaintiff's claims pursuant to the Americans with Disabilities Act and the Kansas Act Against Discrimination. *See* ECF No. 9, p. 2, n.1.

6

In the First Amended Complaint, Plaintiff alleges he was promoted in 2012 and 2013, and had received positive work performances since his hire in 2011. Then, in December of 2015, Plaintiff states he was transferred to the Meridian Store to work as an assistant manager, and to train for the store manager position as the current store manager was failing in her duties. However, after he began handling store manager tasks, Plaintiff claims the current store manager repeatedly called Plaintiff, who is African American, "boy," "nigger," "dog," "snake," "nig," "slave," "negro," "homosexual," "pedophile," and "child molester," in front of him, his co-workers and customers. Plaintiff alleges he complained about this conduct, but no action was taken until he filed a KHRC complaint, after which Defendant removed the store manager from the Meridian Store. Plaintiff states he applied for the store manager position, but was wrongfully denied the job.

When the new store manager took over, Plaintiff claims he referred to him as "that's the one who filed the complaint," and kept a copy of the KHRC complaint under the cash register for all employees to see. Plaintiff also alleges the new store manager scheduled him to work busy shifts by himself as retribution for filing the KHRC complaint. Additionally, the new store manager allegedly told Plaintiff's co-workers Defendant was looking for any reason it could to fire Plaintiff. And, on March 1, 2017, Plaintiff was terminated for no apparent reason.

Based on the above facts, the Court finds Plaintiff has provided sufficient notice of his claims of discrimination, retaliation and wrongful denial of a promotion, and the grounds upon which they rest. To the Court, Plaintiff has made sufficient claims of race and sex discrimination based on the insensitive comments made by the store manager in

7

front of Plaintiff, his co-workers and customers. Similarly, Plaintiff has made sufficient claims of retaliation, hostile work environment and wrongful denial of promotion based on the insensitive comments made; the Plaintiff filing a KHRC complaint; the store manager placing a copy of the KHRC complaint under the cash register for all employees to see; the store manager telling Plaintiff's co-workers Defendant was looking for any reason it could to fire Plaintiff; the Plaintiff being scheduled to work busy shifts by himself; and other similar allegations. Thus, Plaintiff's allegations are not so vague or ambiguous Defendant cannot prepare a responsive pleading in the form of a denial or admission.

Nor does Plaintiff not giving specific dates for each of the acts alleged make the First Amended Complaint too vague or ambiguous to answer, as Defendant argues. Plaintiff provides a time frame from late 2015 through March 1, 2017 for when the allegations occurred. This should provide Defendant with enough notice to know whether it has a viable statute of limitations defense to assert as an affirmative defense in its Answer.

While Plaintiff's First Amendment Complaint could be more organized by separately setting out his legal claims and providing the relevant facts under each claim, such is not required by Rule 8(a) or Rule 12(e). Allegations are not vague if multiple theories are contained in a single paragraph and they arise from the same facts or circumstances, as appears to be the case here.[42] Additionally, that "a complaint does not specifically identify any claim by label, heading, or otherwise, does not make it so vague

---

[42] *Clem v. Bus. Admin. Servs., Inc.*, No. 86-2332-S, 1986 U.S. Dist. LEXIS 19193, at *1-2 (D. Kan. Oct. 10, 1986); *see also Capers v. Samson Dental Partners LLC*, No. 18-2531-JAR-TJJ, 2019 WL 858749, at *1 (D. Kan. Feb. 22, 2019).

or ambiguous so as to require a more definite statement."[43] Courts "look to the substance of the alleged claim, including any reasonable construction of the claim based on the facts alleged, not merely attached labels."[44] Plaintiff has alleged facts to support his claims. Thus, the Court finds it is in Defendant's reasonable abilities to formulate a proper response from the facts alleged. Any additional details regarding Plaintiff's claims, including specific dates, can be elicited through discovery.

### B. Incorporation by Reference of Kansas Human Rights Commission Summaries and Exhaustion of Administrative Remedies

Plaintiff has incorporated by reference two February 6, 2018 case summaries from the Kansas Human Rights Commission relating to the instant matter. Defendant argues this is improper because it does not provide a "short and plain statement" of Plaintiff's claims as required by Rule 8(a). Rather, Defendant argues it will have to analyze each case summary, line by line, and admit or deny the information therein.

First, the Court ruled in the section above the allegations provided in the body of Plaintiff's First Amended Complaint satisfy Rule 8(a). Second, the Court finds various documents, such as KHRC summaries, EEOC documents, business contracts, or insurance policies, are often incorporated into complaints with no duty for the answering party to admit or deny each line of the referenced document.[45] And third, the cases relied on by Defendant to support its argument are out-of-district and distinguishable.

---

[43] *Mechler*, 2012 WL 5289627, at *2.
[44] *Id.* at *3.
[45] In ruling on a 12(b)(6) motion to dismiss, in addition to considering the contents of a complaint, courts will also consider documents incorporated into a complaint by reference, implying such a

9

In *Eleson v. Lizarraga*, the court dismissed with leave to amend a pro se prisoner's complaint because it did not comply with Rule 8's directive to set forth averments in a simple, concise and direct manner.[46] In that case, the pro se plaintiff's complaint incorporated by reference *all filings and defendants in an entirely separate lawsuit*.[47] Here, Plaintiff is not incorporating all filings and defendants from a separate lawsuit, but rather is only incorporating the documents stemming from exhaustion of his administrative remedies related to the instant matter.[48] Similarly, in *Dushane v. Sacramento Cty. Jail*,[49] a pro se plaintiff incorporated his prior complaints and a court order into his amended complaint. The court ruled this was improper because a complaint must stand on its own and not incorporate prior pleadings.[50] Again, this is not the case here. Plaintiff does not incorporate his prior complaint into his First Amended Complaint, and this Court has ruled the allegations in Plaintiff's First Amended Complaint comply with Rule 8. And, in *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*,[51] the plaintiff incorporated numerous documents from other cases, criminal and civil, in which she was not a party. Here, Plaintiff only incorporated two documents regarding the administrative action related to the instant case, to which he was a party.

---

procedure is proper. *See, e.g., Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013); *In re Sprint Corp. Sec. Litig.*, 232 F. Supp. 2d 1193, 1210 (D. Kan. 2002).
[46] No. 2:15-CV-0216-GEB-EFB P, 2016 WL 80950, at *1 (E.D. Cal. Jan. 7, 2016).
[47] *Id*.
[48] Courts often look at EEOC or KHRC documents when a complaint is filed to determine whether exhaustion of administrative remedies has occurred. *See, e.g., Jones v. Needham*, 856 F.3d 1284, 1290 (10th Cir. 2017).
[49] No. 2:13-CV-2518-EFB P, 2015 WL 573761, at *2 (E.D. Cal. Feb. 10, 2015).
[50] *Id.*
[51] 678 F.3d 235, 250–51 (3d Cir. 2012).

Finally, Defendant argues Plaintiff's First Amended Complaint lacks sufficient detail to allow it to respond to Plaintiff's allegation he exhausted his administrative remedies. Generally, a plaintiff cannot bring suit on claims that were not included in his prior administrative charge, and failure to do so provides an affirmative defense to the employer.[52] Defendant states that by attempting to incorporate the KHRC case summaries into his First Amended Complaint, there is an implication Plaintiff is basing this lawsuit on the same allegations he raised at the administrative level. However, Defendant insists that based on Plaintiff's First Amended Complaint, it is unable to compare Plaintiff's allegations therein with the case summaries to determine if any discrepancies between the two exist.

But here, the Court has ruled Plaintiff sufficiently plead his claims pursuant to Rule 8(a) and Rule 12(e). Plaintiff's First Amended Complaint is not so vague and ambiguous Defendant cannot discern Plaintiff's claims and compare them to the allegations raised before the KHRC to determine whether it can assert a viable failure to exhaust administrative remedies defense. Discovery will further aid Defendant in ferreting out any discrepancies between the First Amended Complaint and case summaries.

**IT IS THEREFORE ORDERED** that Defendant's Second Motion for More Definite Statement (ECF No. 9) is **DENIED**.

---

[52] *See Lincoln v. BNSF Rwy.*, 900 F.3d 1166, 1181-86 (10th Cir. 2018).

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 31st day of July, 2019.

s/ Gwynne E. Birzer  
GWYNNE E. BIRZER  
United States Magistrate Judge